JOHN N. HODGE, *Complainant, versus* BENJAMIN K. SWASEY & *al.*

Upon a defendant's complaint for cost, when the action against him has not been entered in Court, he is bound to furnish evidence that the writ was served upon him; otherwise costs will, *of course*, be allowed against him.

Though an attachment may have been made upon a writ, yet if a summons be not served, the defendant is not bound to appear at the Court even, though he should have procured from the officer, (upon a tender of his fees,) an attested copy of the writ. Such an attachment, with such a copy, so obtained, would not constitute a legal service.

THIS is a complaint for costs. The respondents had sued out a writ of attachment, returnable to the District Court, against the petitioner, and delivered the same for service, to an officer, who thereon attached a threshing machine, the property of the complainant, and carried it away; and it has never been returned.

The complainant, on tendering the fees, demanded and obtained of the officer an attested copy of the writ. The respondents did not enter their said action in Court; whereupon the petitioner, at the return term of said writ, presented this petition for costs.

*Harley,* for respondents, cited R. S. chap. 114, sect. 24.

No service was made on the complainant. No summons was handed to him or left for him. He was under no obligation to appear at Court. Without a service, the Court could have no jurisdiction for the original plaintiffs. And if there could be no jurisdiction for *them,* there could be none for the *complainant.* The copy was wrongfully given by the officer.

*Washburn,* for complainant.

The officer, on making the attachment, gave to the complainant an attested copy of the writ. That may be regarded as a sufficient service, equivalent at least to a separate summons. It was competent for the defendant in that suit, by entering his appearance under the action on the docket, to waive the service of the summons.

If the plaintiffs made an illegal service, it is not for *them* to take advantage of it. If they do not choose to pursue their action, they cannot escape the payment of cost. Rev. Stat. chap. 115, § 56; Howe's Practice, 201, 202; *Gilbreth* v. *Brown*, 15 Mass. 178.

*G. F. Shepley*, in reply.

The question is, whether there was such a service on the petitioner, as would compel him to appear. If he was bound to appear, the Court now has jurisdiction. If he was *not* bound to appear, the Court has no jurisdiction.

The obtaining from the officer a copy of the writ, upon a tender of his fees, cannot be viewed as a service by copy. And if it could, it would be no *legal* service, for the law requires in such actions a "separate summons." There was then, no service of the writ, upon the complainant. The Court had no jurisdiction of his person, and could have issued no execution against him. He was not bound to appear, and costs cannot be allowed him, for attending voluntarily at a Court, to which he was not called.

Shepley, C. J. orally. — The complainant alleges that his goods were attached, and that he was summoned to appear at the Court. The facts show there was no service on him, unless his procurement of a copy of the writ, would make one. Rev. Stat. chap. 114, §§ 23 and 24, provides that a writ may be framed to attach the goods, or it may be by original summons, with an order to attach. But in either case, a separate summons must be served. The writ in this case was in common form of a writ of attachment. It was not served. The officer was bound to give the copy, which the petitioner procured. It was no act of the respondents. There was then no service,. nor was there any attempt to make one. The question then is, whether, when there has been no service, a defendant's complaint for costs can be sustained. We think it cannot be done. When such a complaint is made, the proper evidence of service should be presented. The complainant's remedy is.

by another, and perhaps, more efficacious procedure.    The complaint is dismissed.

Harley moves for cost against the complainant.

Per CURIAM. — Costs are allowed, of course.